UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **ANDRE KENNEDY, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| v. ) | Case No. 12-CV-2155 |
| ) | |
| **WILLARD O. ELYEA, M.D., MICHAEL** ) | |
| **PUISIS and LOUIS SHICKER, M.D.,** ) | |
| ) | |
| **Defendants.** ) | |

**OPINION**

This case is before the court for ruling on the Motion for Summary Judgment (#6) filed by Defendants, Willard O. Elyea and Michael Puisis. Plaintiffs have not filed a Response to the Motion. This court has carefully considered Defendants' arguments and the documents filed. Following this careful and thorough consideration, Defendants' Motion for Summary Judgment (#6) is GRANTED.

BACKGROUND

Plaintiffs filed their Complaint (#1) on June 13, 2012. Plaintiffs, inmates or former inmates of the Illinois Department of Corrections (IDOC), alleged that Defendants were deliberately indifferent to Plaintiffs' medical condition in that inmates did not receive needed medical treatment for Hepatitis C. On September 4, 2012, Defendant Louis Shicker filed an Answer and Affirmative Defenses (#5).

Also on September 4, 2012, Defendants Elyea and Puisis filed a Motion for Summary Judgment (#6) and a Memorandum in Support (#7) with attached exhibits. Defendants stated that Elyea resigned from the IDOC effective May 1, 2007, and Puisis resigned from the IDOC effective April 30, 2009. Defendants argued that, pursuant to Heard v. Sheahan, 253

F.3d 316, 317-18 (7th Cir. 2001), Plaintiffs' claims were outside of the applicable two-year statute of limitations as to Defendants Elyea and Puisis. Defendants attached Elyea's affidavit which stated that he has not been employed by the IDOC after May 1, 2007. They argued that any claim against Elyea accrued on May 2, 2007, so Plaintiffs' Complaint filed June 13, 2012, was approximately three years outside the statute of limitations. Defendants also attached Puisis's affidavit which stated that he has not been employed by the IDOC after April 30, 2009. They argued that any claim against Puisis accrued on May 1, 2009, so that Plaintiffs' Complaint was outside the two-year statute of limitations by over a year. Defendants Elyea and Puisis argued that, because Plaintiffs' claims against them are outside the applicable statute of limitations, they are entitled to summary judgment. Plaintiffs have not filed a Response to the Motion for Summary Judgment and the time allowed for doing so has passed.

## ANALYSIS

### I. SUMMARY JUDGMENT STANDARD

Rule 7.1(D)(2) of the Local Rules of the Central District of Illinois provides:

> Within 21 days after service of a motion for summary judgment, any party opposing the motion must file a response. A failure to respond will be deemed an admission of the motion.

Further, when the non-movant does not respond to the movant's statement of facts, the non-movant concedes the movant's version of the facts. Waldridge v. American Hoechst Corp., 24 F.3d 918, 922 (7th Cir. 1994); Columbia Pictures Indus., Inc. v. Landa, 974 F. Supp. 1, 3 (C.D. Ill. 1997). The Seventh Circuit has repeatedly held that such a rule is "entirely

proper." Doe v. Cunningham, 30 F.3d 879, 882 (7th Cir. 1994).

However, a party's failure to submit a timely response to a motion for summary judgment does not automatically result in summary judgment for the moving party. LaSalle Bank Lake View v. Seguban, 54 F.3d 387, 392 (7th Cir. 1995); see also Archer Daniels Midland Co. v. Whitacre, 60 F. Supp. 2d 819, 823 (C.D. Ill. 1999). It remains "the movant's burden to demonstrate that no genuine issue of material fact exists and that he is entitled to summary judgment as a matter of law." Doe, 30 F.3d at 883. Accordingly, the district court must make the further finding that summary judgment is proper as a matter of law. LaSalle Bank, 54 F.3d at 392, quoting Wienco Inc. v. Katahn Assocs., Inc., 965 F.2d 565, 568 (7th Cir. 1992).

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In ruling on a motion for summary judgment, a district court "has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." Waldridge, 24 F.3d at 920.

## II. MOTION FOR SUMMARY JUDGMENT

In this case, Defendants Elyea and Puisis have filed documentation showing that they were no longer employed by the IDOC more than two years prior to the filing of Plaintiffs' Complaint (#1). This court agrees with Defendants Elyea and Puisis that the two-year statute of limitations ran on any claims against them before Plaintiffs filed their Complaint. See Heard, 253 F.3d at 318 (statute of limitations begins running when the defendants no longer

had the power to do something about the plaintiff's condition); see also Heard v. Wexford Health Sources, 2011 WL 4479309, at *2 (S.D. Ill. 2011).  Based upon the undisputed facts and the applicable case law, this court agrees with Defendants Elyea and Puisis that they are entitled to judgment on Plaintiffs' claims as a matter of law.

IT IS THEREFORE ORDERED THAT:

(1) Defendants' Motion for Summary Judgment (#6) is GRANTED.  Judgment is entered in favor of Defendants Elyea and Puisis and against Plaintiffs.

(2) Defendants Elyea and Puisis are terminated as parties in this action.

(3) This case is referred to Magistrate Judge David G. Bernthal for further proceedings.

ENTERED this 11th day of October, 2012

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE